# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| BETTY B. FULLER, | § | |
| | § | |
| vs. | § | CASE NO. 5:06-CV-091 |
| | § | |
| ROBERT GATES, SECRETARY | § | |
| OF DEFENSE | § | |

## MEMORANDUM OPINION AND ORDER

**I.     Introduction**

Pending before the court is the plaintiff Betty B. Fuller's and defendant Robert Gates's motions to reconsider the court's findings of fact and conclusions of law (Dkt. Nos. 103 & 104). The plaintiff urges reconsideration of the court's causation and reprisal findings. The basis for the defendant's motion is the Supreme Court's decision in *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343 (2009), handed down after the court signed its findings of fact and conclusions of law.

**II.    Discussion**

On February 19, 2009, the court entered findings of fact and conclusions of law after a bench trial. The court found in favor of the plaintiff on her claim for age discrimination based upon the denial of her promotion. The court found against the plaintiff on her claim for retaliation. The court applied a mixed-motive analysis to the promotion claim.

In *Gross v. FBL Financial Services, Inc.*, the Supreme Court considered whether a mixed-motive analysis applies to ADEA cases. The Court reviewed the language of the statute and concluded that a mixed-motive analysis is unavailable under the ADEA. *Id.* at 2350. In particular, the Court reviewed the language of the private enforcement statute, 29 U.S.C. § 623(a), and concluded that age must be a "but for" cause of the employment decision at issue. *Id.*

In this case, the evidence fails to persuade the court that age was the but for cause of the

failure to promote Ms. Fuller. Nevertheless, reconsideration of the court's findings of fact and conclusions of law is unwarranted. The government, with exceptional candor, discloses that the court's original findings of fact and conclusions of law erroneously cited to the private enforcement statute of the ADEA, § 623(a). The present claim, however, is governed by the federal employer statute, which provides, "All personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . shall be made *free from any* discrimination based on age." 29 U.S.C. § 633a(a) (emphasis added).

In *Gross*, the Supreme Court emphasized the "because of" language in the private employer ADEA statute, which states in relevant part, "It shall be unlawful for an employer . . . [to] discriminate against any individual . . . *because of* such individual's age." *Gross*, 129 S. Ct. at 2350 (quoting § 623(a)). The Court noted that the ordinary meaning of "because of" is "by reason of" or "on account of"; thus, the plaintiff must establish but for causation to demonstrate that "age was the 'reason' that the employer decided to act." *Id.* (quoting 1 Webster's Third New International Dictionary 194 (1966)). In contrast, Congress chose not to use the "because of" language in § 633a(a) and instead stated, "All personnel actions . . . shall be made *free from any* discrimination based on age." § 633a(a). This use of different language indicates that Congress intended the two sections to have different meanings. *See Sosa v. Alvarez-Machain*. 42 U.S. 692, 712 n.9 (2004) ("[W]hen the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended."). Unlike the "because of" language in § 623(a), the plain meaning of "free from any" is broad enough to embrace a mixed-motive

2

analysis.[1] The language of § 633a(a) compels the court to conclude that a mixed-motive analysis continues to apply in claims against the government.[2]

Cases decided prior to the Supreme Court's opinion in *Gross* hold that the same analysis applies to claims under both the public and private remedial provisions of the ADEA. *See Baqir v. Principi*, 434 F.3d 733, 744 (4th Cir. 2006); *Dekock v. Napolitano*, 2009 WL 1631803, at *6 (S.D. Tex. June 9, 2009); *Burgoon v. Potter*, 369 F. Supp. 2d 789, 796 (E.D. Va. 2005). These cases are suspect, however, given that the Supreme Court rejected the mixed-motive analysis in cases under the private enforcement provision of the ADEA.

In the plaintiff's motion for reconsideration, Ms. Fuller contends that the court erred in finding that the evidence failed to prove but for causation in her age discrimination claim and did not establish retaliation against her. The court has reviewed the plaintiff's arguments and is not persuaded. As a result, the court declines reconsideration of its findings of fact and conclusions of law.

## III.   Conclusion

For these reasons, both motions to reconsider are denied. A judgment is entered contemporaneously herewith.

---

[1] The court notes that the federal employer section does contain the phrase "discrimination *based on* age." § 633a(a) (emphasis added). In § 633a(a), however, the "based on" language modifies "discrimination" and refers to the type of discrimination, i.e., age discrimination, addressed by the statute.

[2] The court recognizes that two recent district court opinions applied *Gross* to federal employer ADEA claims and held that the plaintiff must establish a but for cause. *Glenn v. Bair*, 643 F. Supp. 2d 23 (D.D.C. 2009); *Wagner v. Geren*, 2009 WL 2105680 (D. Neb. July 9, 2009). The court respectfully disagrees with their analyses and thus declines to require but for causation in ADEA suits against the government.

SIGNED this 1st day of March, 2010.

                                                CHARLES EVERINGHAM IV
                                                UNITED STATES MAGISTRATE JUDGE